## Austin v. Dauphin County Board of Elections

Rupp, P. J., and Sohn, J., did not participate in this proceeding.

Case heard before Anderson, J. (nineteenth judicial district, specially presiding), Smith and Neely, JJ.

*Caldwell, Fox & Stoner,* by *Thomas D. Caldwell* and *Storey & Bailey,* by *Douglas D. Storey,* for plaintiff.

*R. Dixon Herman,* and *Frank R. Hean,* for defendants.

PER CURIAM, August 28, 1951.—This matter comes before us on a complaint in mandamus filed by D. H. Austin, a resident and duly qualified elector of Dauphin County, plaintiff, against Thomas J. Nelley, Frank A. Slack and George Kunkel, members of the County Board of Elections of Dauphin County, Pa.

The complaint avers that in compliance with the provisions of section 308 of the Act of June 3, 1937, P. L. 1333, 25 PS §2648, plaintiff on August 20, 1951, requested defendants that he be allowed to inspect the voters' certificates and district registers for the first precinct, ninth ward; fourth precinct, fifth ward, and fourth precinct, seventh ward, all in the City of Harrisburg, and that defendants have consistently refused to permit such inspection. The complaint further avers that the voters' certificates have not been in constant use by defendants or their employes since the demand was made and are not now necessarily in use by defendants or their employes. Wherefore, plaintiff prays relief and asks that judgment be entered against defendants herein requiring them to forthwith permit plaintiff to inspect the voters' certificates and district registers for the three precincts hereinbefore mentioned.

On August 21, 1951, and prior to the filing of any answer to the complaint by defendants, plaintiff filed a motion for summary judgment under the provisions of Pa. R. C. P. 1098 averring therein that the right of plaintiff to the relief prayed for is clear. Thereupon, on August 24, 1951, oral argument was heard on this motion, participated in by both counsel for plaintiff and defendants. The motion is now for disposition.

The county board of elections is presently engaged in the official computation of the vote in the primary election held July 24, 1951. At this election both President Judge J. Paul Rupp and Judge Walter R. Sohn were candidates for the Republican nomination

for judge of the court of common pleas of this county. There were four candidates and two are to be nominated. The unofficial count indicates that the vote between Judge Rupp and Judge Sohn is close.

Section 308 of the Act of 1937 refers to voters' certificates in the custody of the county board of elections. Section 1225 (c) of the Act of 1937 provides that the district register shall be returned after the tabulation of votes in any election district to the registration commission. There is provision under section 308 for the public inspection of records in the custody of the County Election Board ". . . only after the county board shall, in the course of the computation and canvassing of the returns, . . . finished, for the time, their use of said papers in connection with such computation and canvassing".

While it appears by the act that the voters' certificates are records which are properly returnable to the county board of elections to be used in connection with the computation of the votes, it does not appear in any way that the district register is a record which is returned to that board for purposes of such computation. The district registers, under section 1225 (c) of the act, are required to be locked and sealed separately from the papers returnable to the county board of elections and are returned by the judge of elections of each election district to the registration commission. They are the permanent records of the registration of qualified voters in this county.

The district registers as thus required to be returned sealed and locked to the registration commission are not a record of the county board of elections which are open to public inspection under section 308 of the act. No provision appears to have been made for the public inspection of the district registers. There may be instances when they should be unlocked, if necessary, and exhibited to parties having an appropriate inter-

est. Although plaintiff does not set forth in the complaint what his particular interest is, at the argument it was indicated that he was acting on behalf of the candidacy of President Judge Rupp.

If the voters' certificates and district registers are now in use by the election board or by the registration commission in connection with the performance of their post primary duties, it may indeed be doubted that plaintiff would be entitled to have the inspection as requested by him at this time. The complaint, however, avers that these records are not in constant use and we will consider this motion on the basis of such averment. It perhaps should here be observed that the complaint sets forth a very meager statement of facts when it is considered that plaintiff is asking the court to give summary judgment in this mandamus proceeding. At common law mandamus is a high prerogative writ and it is fundamentally the same proceeding under the procedural rules. The action may be brought only to compel the performance of a duty by a public official where plaintiff's right is clear.

We are bound to take note of the fact that the essential dispute here involves two judges who are now sitting on the Dauphin County bench. This fact impels us to view plaintiff's requests here made most liberally so that each of these respected members of the court may have their rights fully protected. We feel that in view of the close primary vote for the judicial nomination, the motion for summary judgment should be allowed, subject to the right of defendants to have the judgment opened upon cause shown. In thus holding, we deem it important to point out that we are induced to grant the relief sought by plaintiff solely by reason of the most unusual and extraordinary circumstances of this particular case. Our action is not to be considered in any way as a precedent for an interference with the officials of this county in the discharge of

their duties attendant upon the computation of votes or the maintenance of appropriate registration records.

*Decree*

And now, to wit, August 28, 1951, upon consideration of the foregoing motion and after full hearing and argument in open court, summary judgment is hereby entered in favor of D. H. Austin, plaintiff; defendants, as members of the county board of elections and as county commissioners in charge of the bureau for the registration of voters of this county, are hereby ordered and directed to permit plaintiff, and one of his attorneys to be named by him, to inspect both the voters' certificates and the district registers for the first precinct of the ninth ward, fourth precinct of the fifth ward, and fourth precinct of the seventh ward, in the City of Harrisburg; provided, however, that such inspection shall be made during business hours at the convenience of the county board of elections and the registration commission, and in the presence of one of the defendants or one of their authorized and designated employes.